BARNHILL *v.* BROWNING, administratrix.

RUSSELL, C. J.   1. The evidence being conflicting, and the jury having found in favor of the defendant, the judge of the lower court did not err in overruling a motion for new trial based upon the general grounds.

2. The amendment to the motion for a new trial was not approved by the judge of the lower court, and is not supported as required by section 6086 of the Civil Code, and therefore can not be considered.

*Judgment affirmed. All the Justices concur.*

No. 3524. SEPTEMBER 7, 1923.

Petition for specific performance. Before Judge Kent. Wheeler superior court. October 30, 1922.

P. R. Barnhill filed his petition against Mrs. F. B. Browning, as administratrix of the estate of her deceased husband W. C. Browning, and alleged in substance that he and W. C. Browning, in the year 1905, jointly bought from Mrs. Effie Gillis "the southeast half of lot of land number two hundred eighty-eight (288) in the eleventh (11) district of what was then Montgomery County, Georgia, but what is now Wheeler County, Georgia, for the sum of $250.00 cash." By amendment he later amplified this description. The petitioner further alleges that he paid the sum of $125 as his half of the purchase-price and W. C. Browning paid the sum of $125 as his half; that the deed was to be made to them jointly, so that each would have a one-half undivided interest in said land, but through mistake and inadvertence the grantor made the deed to Browning alone; that Browning promised to make petitioner a deed to half of the tract of land, but was prevented by sickness from doing so. He prayed that the administratrix, Mrs. F. B. Browning, be commanded and directed to execute and deliver to him a good and sufficient title, conveying and vesting in him all right and title in and to a one-half undivided interest in the land described in the petition. The defendant denied the allegations of the petition, and set up that she was unaware of any such transaction as set out in the plaintiff's petition until after the death of her husband, when the plaintiff stated his claim to her.

Lorenzo Gillis, witness introduced in behalf of the plaintiff, testified that he was present when his mother, Mrs. Effie Gillis, made a deed to W. C. Browning to the southeast half of land lot No. 288 in the 11th district of Montgomery, now Wheeler County, Georgia. Before the deed was signed the plaintiff came to see the mother of witness, and she agreed to sell for $250. The plaintiff paid witnesses's mother for the land in cash. The witness understood that Mr. Browning furnished half of the money for the land, the deed being made to Browning because at that time plaintiff was in bankruptcy. Browning told plaintiff that he would make him a deed after a while. The trade was made between plaintiff and the mother of witness. — Plaintiff then tendered in evidence the deed from Mrs. Effie Gillis to W. C. Browning, showing a

consideration of $250, executed in the presence of P. R. Barnhill and C. A. Adams, N. P., describing the land in question.

Barnhill, the plaintiff, testified that Mr. Browning never made a deed to an interest in this property before he died; that he told Mrs. Browning that he had a half interest in this property, before the suit was brought. Plaintiff owed Mr. Browning between $800 and $900 at the time the deed was made. " I do not owe the Browning estate anything now."

T. J. Johnson testified that he wished to purchase the tract of land, and went to see Mr. Barnhill about it; that he referred him to Mr. Browning; that when he saw Mr. Browning and made an offer for the land Mr. Browning told him that his offer was not enough, that " we will get more for it."

W. H. Peoples, a witness for the defendant, testified that he went to see Mr. Barnhill to try to get him to clear the land for the estate; that he represented the estate of W. C. Browning; and that plaintiff told him to hold up until he could see Mrs. Browning, that he owned an interest in the land.

The plaintiff, recalled, testified that he did not tell Mr. Peoples that Mr. Browning furnished all the purchase-money of the land; he did not make any statement as to who paid for the land, but only stated that he had a half interest in it. W. H. Peoples, recalled by the defendant, testified that on yesterday he had a conversation with Mr. Johnson, the witness for the plaintiff, and he told him (Peoples) that Mr. Browning said, " Yes, I will sell you the land."

The defendant testified that she had several conversations with the plaintiff about the land. In the first conversation he told her that he had a hundred-dollar interest in the land; in the second he claimed to have a one-hundred and twenty-five dollar interest in it; witness called his attention to the difference, and he said that he had borrowed $25 from Mr. Browning. Witness had a conversation with Mr. Johnson one day last week, and he told her that when he went to Mr. Browning to see about buying the land he told him that " he " would sell him the land.

The jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial upon the general grounds, which was overruled, and he excepted. An amendment to the motion, upon the ground of newly discovered evidence, appears in

the record.  It is not accompanied by any supporting affidavits, nor by the approval of the judge.

*William B. Kent,* for plaintiff.

*A. C. Saffold* and *J. P. Tomlinson,* for defendant.